# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| WENDY BROWN, Administrator, | ) | |
| Estate of Alexa Brown, minor daughter | ) | Case No. 3:13-cv-01092 |
| of Warren and Wendy Brown, *et al*., | ) | |
| | ) | The Hon. James G. Carr |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WHIRLPOOL CORPORATION, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT WHIRLPOOL CORPORATION'S
## MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

Pursuant to Federal Rules of Civil Procedure 8(a), 9(b), and 12(b)(6), Defendant Whirlpool Corporation ("Whirlpool") moves for an order dismissing every claim asserted in Plaintiffs' Second Amended Complaint With Demand For Jury Trial ("Complaint") for the following reasons:

1. Claims One and Two (Negligence) fail because Plaintiffs do not allege facts showing Whirlpool breached any duty or that Whirlpool's alleged breach proximately caused Plaintiffs' injuries.

2. Claims Three and Four (Strict Liability and Ultra-Hazardous Activity) fail because Plaintiffs do not allege facts showing why or how Whirlpool's "manufacturing process" is an abnormally dangerous or ultra-hazardous activity or that Plaintiffs suffered harm as a result of such activity.

3.      Claim Five (Trespass) fails because Plaintiffs do not allege facts showing that Whirlpool contaminated their properties, much less that any airborne pollutants caused substantial damage to their properties. Claim Five also fails because Plaintiffs do not plead facts showing that they possessed their properties at the time any alleged trespass occurred.

4.      Claim Six (Continuing Nuisance) fails because Plaintiffs did not allege facts showing an ongoing tortious act by Whirlpool, an "invasion" of their properties, or that any alleged chemicals on their properties caused their injuries. And even if Plaintiffs intended to bring a permanent nuisance claim, Claim Six fails because Plaintiffs do not state facts showing Whirlpool intended to cause Plaintiffs' injuries. Likewise, any qualified nuisance claim fails for the additional reason that Plaintiffs do not allege facts showing how Whirlpool conducted its manufacturing processes in a negligent or careless manner.

5.      Claims Seven and Eight (Reckless Conduct) fail because reckless conduct is not a standalone cause of action in Ohio and Plaintiffs do not plead facts suggesting that Whirlpool consciously disregarded any risk of harm to Plaintiffs.

6.      Claims Nine and Ten (Fraud) fail because Plaintiffs' allegations do not satisfy the heightened pleading standard applicable to fraud claims and because Plaintiffs do not allege facts showing that Plaintiffs justifiably relied on any fraudulent statements, or that Whirlpool knew that any alleged statements or misrepresentations were false or made with the intent to deceive. To the extent Plaintiffs are relying on a fraud-by-omission theory, their claims still fail because Plaintiffs do not allege with particularity any facts showing that Whirlpool owed them a duty to disclose anything.

7.      Claims Eleven, Twelve, Thirteen, Fourteen, and Fifteen (Loss of Property Value) fail because Ohio does not recognize "lost property value" as a recoverable measure of damages

when the basis for the alleged diminution is environmental stigma and because Plaintiffs'

negligence, strict liability, trespass, and nuisance claims fail for the reasons explained above.

8.  Claim Sixteen (Loss of Consortium) fails because loss of consortium is a

derivative claim and each of Plaintiffs' primary claims fails.

9.  Claim Seventeen (Punitive Damages) fails because a claim for punitive damages

is not a standalone claim under Ohio law.

For all these reasons and those stated in the concurrently filed memorandum of law,

Whirlpool requests that the Court dismiss with prejudice all claims in Plaintiffs' Complaint.

Dated:  August 26, 2013                     Respectfully submitted,


                                            *s/ Michael T. Williams*
                                            Michael T. Williams
                                            Andrew C.S. Efaw (*pro hac vice*)
                                            Joel S. Neckers
                                            Wheeler Trigg O'Donnell LLP
                                            370 17th Street, Suite 4500
                                            Denver, Colorado 80202
                                            Telephone: (303) 244-1800
                                            Facsimile:  (303) 244-1879
                                            Email:      williams@wtotrial.com
                                                        efaw@wtotrial.com
                                                        neckers@wtotrial.com

                                            and

                                            Stephen G. Morrison (*pro hac* vice)
                                            Robert H. Brunson (*pro hac* vice)
                                            Nelson Mullins Riley & Scarborough, LLP
                                            151 Meeting Street, Sixth Floor
                                            Charleston, South Carolina 29401
                                            Telephone: (803) 255-9450
                                            Facsimile:  (803) 255-9057
                                            Email:      steve.morrison@nelsonmullins.com
                                                        robert.brunson@nelsonmullins.com

Karen A. Crawford (*pro hac vice*)
Nelson Mullins Riley & Scarborough, LLP
1320 Main Street, Suite 1700
Columbia, South Carolina 29201
Telephone:  (803) 255-9442
Facsimile:  (803) 255-9145
Email:        karen.crawford@nelsonmullins.com

and

Michael L. Hardy (0011717)
Kip T. Bollin (0065275)
Thompson Hine LLP
127 Public Square
3900 Key Center
Cleveland, Ohio 44114
Telephone:  (216) 566-5804
Facsimile:  (216) 566-5800
Email:        mike.hardy@thompsonhine.com
                 kip.bollin@thompsonhine.com

Attorneys for Defendant Whirlpool Corporation

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that, on this 26th day of August, 2013, a copy of the foregoing document entitled **Defendant Whirlpool Corporation's Motion to Dismiss Plaintiffs' Second Amended Complaint** was filed electronically with the Court. Notice of this filing will be sent to counsel for all parties by operation of the Court's electronic filing system.

<u>*s/Michael T. Williams*</u>
One of the Attorneys for Defendant
Whirlpool Corporation